NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GENNETT M. HOLMES-SMITH,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-2235

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-21-0379-I-1.

---

Decided: April 8, 2022

---

GENNETT M. HOLMES-SMITH, Stockbridge, GA, pro se.

CALVIN M. MORROW, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before PROST, MAYER, and TARANTO, *Circuit Judges*.

PER CURIAM.

Ms. Holmes-Smith sought monetary benefits for an injury that she alleges resulted from her work as an employee of the Department of Veterans Affairs. After her claim was denied by the Office of Workers' Compensation Programs ("OWCP"), Ms. Holmes-Smith appealed the decision to the Merit Systems Protection Board ("Board"). The Board dismissed her appeal for lack of jurisdiction under 5 U.S.C. § 8128(b). Ms. Holmes-Smith now appeals to this court. We affirm the Board's dismissal because the Board properly determined that it lacked jurisdiction.

## BACKGROUND

Ms. Holmes-Smith filed a claim for workers' compensation with the Department of Labor, which referred her claim to OWCP. OWCP then denied the claim both upon initial filing and upon reconsideration. Ms. Holmes-Smith appealed OWCP's denial upon reconsideration to the Board, and the Board dismissed. The Board determined that it lacked jurisdiction to review OWCP's denial of Ms. Holmes-Smith's claim under 5 U.S.C. § 8128. Ms. Holmes-Smith appeals.

## DISCUSSION

Federal courts are courts of limited jurisdiction—meaning they cannot hear a case unless they have been given the authority to do so by Congress or the Constitution. *See Gunn v. Minton*, 568 U.S. 251, 256 (2013). We have subject matter jurisdiction over this appeal under 28 U.S.C. § 1295(a)(9), which grants the Federal Circuit the ability to review appeals from final decisions of the Board. But our review of the Board is also limited by law: we must affirm the Board unless its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The question on appeal is whether the Board had jurisdiction to hear Ms. Holmes-Smith's case. This is a legal question that we review without deference to the Board's answer. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Since we conclude that the Board did indeed lack jurisdiction, we affirm.

The Board, similar to federal courts, cannot hear every claim brought before it. *See Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985). Congress can deny the Board the authority to hear certain cases, and 5 U.S.C. § 8128 is an example of a law that does just that: it says that the denial of a payment by OWCP, which is part of the Department of Labor, is "not subject to review by another official of the United States or by a court by mandamus or otherwise." The Board falls within the broad scope of those unable to review OWCP's denial of benefits under this law. And Ms. Holmes-Smith's appeal to the Board sought exactly what the law precludes—review of a denial of benefits by OWCP—so the Board was correct to dismiss her appeal for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, we affirm the Board's dismissal because it lacked jurisdiction to review Ms. Holmes-Smith's appeal.

## **AFFIRMED**

### COSTS

No costs.